# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 3, 2006

## JAMES ANTHONY MCCURRY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-04-515      Roy B. Morgan, Judge**

**No. W2005-01521-CCA-R3-PC  - Filed December 6, 2006**

The Appellant, James Anthony McCurry, appeals the Madison County Circuit Court's dismissal of his petition for post-conviction relief in which he asserts that his conviction for misdemeanor evading arrest is voidable because of an abridgment of his Sixth Amendment right to the effective assistance of counsel.  After review of the record, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

J. Colin Morris (at post-conviction hearing), Jackson, Tennessee; and Mike Mosier (on appeal), Jackson, Tennessee, for the Appellant, James Anthony McCurry.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The Appellant was charged with driving on a revoked license and evading arrest, which occurred on December 5, 2001, in Jackson.  After a jury trial, the Appellant was found not guilty of driving on a revoked license, but guilty of evading arrest.  The facts, as stated by this court in the direct appeal of the Appellant's Class A misdemeanor conviction, established:

> Officer Julian Wiser testified that while on patrol during the evening hours of December 5, 2001, he spotted the defendant driving a vehicle that the officer passed going in the opposite direction.  Officer Wiser was aware that the defendant had an outstanding warrant for a probation violation at that time.  The officer turned his car around . . . .  The suspect vehicle turned into a driveway, and the officer pulled in

behind the vehicle. Officer Wiser did not activate his blue lights or siren at any time. The driver exited the vehicle and ran. Officer Wiser got out of his patrol car and exclaimed, "stop Ant."[FN1] The officer chased the suspect on foot but did not apprehend him at that time. Officer Wiser . . . ran the license plate of the abandoned vehicle and discovered that it was registered to the defendant's mother.

The defendant was arrested at a later date and charged with driving on a revoked license and misdemeanor evading arrest.

The defendant testified that he was a passenger in the vehicle and not the driver. He stated that after the officer chased the driver, he got out of the car and walked into the house where the vehicle was parked. . . . He said that at the time of this incident, he knew that he had an outstanding warrant for his arrest . . . .

The jury found the defendant not guilty of driving on a revoked license, but found him guilty of misdemeanor evading arrest.

---

[1] The defendant testified that his street name is "Ant Banks".

*State v. James A. McCurry*, No. W2002-02870-CCA-R3-CD (Tenn. Crim. App. at Jackson, Nov. 26, 2003), *perm. to appeal denied*, (Tenn. 2004).

On December 13, 2004, the Appellant filed a Petition for Post-Conviction Relief, and on December 28, 2004, the post-conviction court appointed counsel to represent the Appellant.[1] Following an evidentiary hearing, the Appellant's petition for post-conviction relief was denied. This appeal followed.

**Analysis**

A court may grant post-conviction relief when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States. T.C.A. § 40-30-103 (2003). A defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. T.C.A. § 40-30-110(f) (2003); *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates

---

[1]Appointed counsel was later dismissed with substituted counsel being appointed for purposes of appeal.

otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). This court will afford those findings of fact the weight of a jury verdict, and this court is bound by the court's findings unless the evidence in the record preponderates against those findings. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). All questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley*, 960 S.W.2d at 578-79. However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067 (1984). Because a petitioner must establish both prongs of the test, a failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the ineffective assistance of counsel claim. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of proceedings. *Id*. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The Appellant's twenty-four page petition collaterally attacking his misdemeanor conviction recites eight areas of deficient performance underlying his ineffective assistance of counsel claim.[2] On appeal, the Appellant presents two factual claims alleging deficient performance: (1) "that [the Appellant] was not prepared by Trial Counsel to testify at his trial . . ." and (2) "that Trial Counsel

---

[2]The grounds recited in the Appellant's petition are that trial counsel: (1) failed to prepare for trial; (2) failed to conduct a pre-trial investigation; (3) failed to advise as to results of pre-trial investigation; (4) failed to interview crucial witnesses; (5) failed to file pre-trial motions; (6) failed to effectively cross-examine witnesses; (7) failed to obtain discovery; and (8) failed to properly impeach the State's witnesses.

did not advise him of the consequences of testifying."[3] Two witnesses were called at the hearing, the Appellant's trial counsel and the Appellant. Trial counsel testified that on the date of the Appellant's arrest in December 2001 for the crimes of driving on a revoked license and evading arrest, the Appellant was already serving a twelve-year sentence of probation stemming from his convictions for felony possession of cocaine, reckless driving, two counts of driving on a suspended license, possession of cocaine, aggravated assault, and felony evading arrest. Based upon his arrest for the December 2001 crimes, the State filed a petition to revoke the balance of the Appellant's twelve-year suspended sentence. Trial counsel stated that he was appointed to represent the Appellant in the revocation proceeding and conducted an investigation of the facts in preparation for the hearing. Following the hearing, the Appellant's probation was revoked, resulting in the reinstatement of his original twelve-year sentence. Notwithstanding revocation, the State pursued prosecution of the December 2001 misdemeanor charges, resulting in the Appellant's conviction for evading arrest. Again, trial counsel was appointed to represent the Appellant at his misdemeanor trial, which involved essentially the same facts as those in the revocation proceeding. Trial counsel testified that although he was already acquainted with the facts of the case, he again consulted with the Appellant, obtained discovery from the State, and interviewed available witnesses in preparation for trial. As a result of trial counsel's efforts, the Appellant was acquitted of driving on a revoked license, thus escaping enhanced punishment for this offense.

The Appellant testified that he remains incarcerated on his original twelve-year sentence and that because Madison County has placed a "hold" on him for evading arrest, this has hindered his chances for parole. At the hearing, the Appellant testified that his attorney did not adequately prepare him to testify for his jury trial. He explained by stating that a competent attorney would have "coach[ed] and prepared him proper before he testif[ied]."

Second, the Appellant alleged at the hearing that trial counsel was deficient for failing to advise him of the consequences of testifying and that his decision to testify was not informed. The following colloquy occurred:

> [POST-CONVICTION COUNSEL]: Were you advised of the consequences of testifying versus not testifying, the good, the bad and maybe the necessity of it and the problems that arise when you do or if you don't?
>
> [APPELLANT]: No, sir.
>
> [POST-CONVICTION COUNSEL]: And do you feel as though you should have testified or that you shouldn't have testified?
>
> [APPELLANT]: Well now I think I should have.

---

[3]These two allegations are at best tangential to the claims raised in the Appellant's petition; however, no objection was made by the State with regard to these claims being raised for the first time at the evidentiary hearing.

-4-

The Appellant's issue on appeal is somewhat puzzling as the record reflects that the Appellant did testify at trial, and his testimony at the hearing appears to reaffirm his decision to take the stand and testify in his own behalf. Beyond these limited assertions, no further development of the two factual claims were made by the Appellant at the hearing. With regard to the Appellant's lack of preparation argument, we are unaware of any authority which requires trial counsel to "coach" a witness in preparation for trial, and none is presented by the Appellant. Moreover, with regard to the Appellant's claim that trial counsel failed to advise him of the consequences of testifying, we are offered no suggestions as to what consequences the Appellant should have been informed of, other than to speak the truth.

In dismissing the Appellant's petition, the post-conviction court found as follows:

As to the issue of ineffective assistance of trial counsel and appellate counsel the petitioner alleges many issues as to why counsel was ineffective but the proof in this matter was very limited.

The sole issue as to which the petitioner offered proof relates to his confusion as to the apparent inconsistencies of the jury verdict wherein the petitioner was acquitted of Driving on Revoked License but convicted of the misdemeanor offense of evading arrest. But this was an issue that was appealed and addressed on appeal and is therefore previously determined.

The petitioner's issue that he should not have elected to testify is a matter of trial strategy that he is now second guessing. This is simply not a basis upon which to grant post conviction relief.

The Court finds that trial counsel did perform effectively in all respects.

Following a careful review of the record on appeal, we conclude that the proof does not preponderate against these findings. Accordingly, the Appellant has failed to prove by clear and convincing evidence that he was denied the effective assistance of counsel.

## CONCLUSION

Based on the foregoing and the record as a whole, we affirm the judgment of the post-conviction court dismissing the Appellant's petition for post-conviction relief.

_____
DAVID G. HAYES, JUDGE